FILED
SUPERIOR COURT
OF GUAM

2021 DEC -9 PM 1:39

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| In re<br><br>**CHARLES R. SOVA,**<br><br>Petitioner. | **Special Proceedings Case No. SP0050-21**<br><br>**DECISION AND ORDER DENYING PETITIONER'S VERIFIED PETITION FOR EXPUNGEMENT** |

This matter came before the Honorable Dana A. Gutierrez on August 10, 2021 for hearing on Petitioner Charles R. Sova's ("Petitioner") Verified Petition for Expungement. Present via Zoom were Petitioner; Attorney Delia Lujan Wolff representing Petitioner; and Assistant Attorney General Sean Brown representing the People of Guam (the "People"). Upon consideration of the arguments presented by the parties and in accordance with applicable law, the Court now issues this Decision and Order **DENYING** Petitioner's Verified Petition for Expungement.

## BACKGROUND

In Criminal Case No. CM0060-01, Petitioner was convicted of Driving Under the Influence (As a Misdemeanor). In the Verified Petition for Expungement ("Petition") filed on April 8, 2021, Petitioner requests that "all records of the Guam Police Department, the Office of the Attorney General and the Superior Court pertaining to CM0060-01 be expunged" pursuant to the Court's authority under 7 GCA § 7107(h). Petition, at 1-2.

The People filed an Opposition to the Petition on April 22, 2021 asserting that Petitioner is not eligible for expungement of these records and requesting that the Petition be denied. Opp., at 4. Petitioner filed a Reply to the Opposition on April 30, 2021 and a Declaration of Charles Raymond Sova in support of the Reply on May 5, 2021. At a hearing on August 10, 2021, the parties presented oral arguments on the Petition and the Court subsequently took the matter under advisement.

## DISCUSSION

Petitioner argues that pursuant to 7 GCA § 7107(h), this Court has the authority "to amend and control its process and orders so as to make them conformable to law and justice," and the Court may exercise this authority to expunge Petitioner's criminal records. Petition, at 1-2. In Opposition, the People argue that the Guam Supreme Court reversed the Superior Court's use of 7 GCA § 7107(h) as a basis to expunge a conviction in the case of *People v. Wai Kam Ho (aka Kent)*, 2009 Guam 18. Opp., at 2-3. The People additionally argue that none of the bases for expungement under Guam's general expungement statute—8 GCA § 11.10—have been met. *Id.* at 3.

In its Reply brief, Petitioner argues that *Wai Kam Ho* did not definitively rule on the issue of whether the 7 GCA § 7107(h) authorizes the Court to use its inherent authority to expunge records nor did it adopt a test to employ in the event that the Court does possess such authority. Reply, at 1. Petitioner additionally argues that Guam's expungement statute is narrow and was adopted in 1982 before the internet age which has created an "uphill battle for person's efforts to maintain privacy[.]" *Id.* at 1-2.

Further, Petitioner submits that the purpose for seeking expungement of his records is

that he believes his criminal record has limited his job prospects and that the records have caused his applications for promotions and other job opportunities to be rejected. Decl. of Charles Raymond Sova (May 5, 2021); Min. Entry, at 9:08:04-9:15:04 AM (Aug. 10, 2021). Lastly, Petitioner argues that the legislature has created a "DWI" court enabling participants to expunge their records of these offenses. Min. Entry, at 9:08:04-9:15:04 AM (Aug. 10, 2021).

## I. The Court's Statutory Authority to Expunge.

Chapter 11 of Title 8 of the Guam Code Annotated ("GCA") governs the expungement of criminal records. The statute provides in relevant part:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law shall be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides not to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to § 1422 of the Organic Act of Guam, except for the pardon of a felony offense involving violence. Expungement shall not occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

8 GCA § 11.10(a). Thus, expungement is permitted when there has been an acquittal, a decision not to prosecute, where the statute of limitations has passed, or when a pardon has issued. *Id.*

It is undisputed that Petitioner does not satisfy any of the factors under 8 GCA § 11.10(a) which would warrant expungement. As noted above, Petitioner does not seek expungement under this statute, but rather seeks expungements pursuant to the Court's authority under 7 GCA § 7107(h).

## II. The Court's Inherent Authority to Expunge.

The Court has inherent authority to "amend and control its process and orders so as to

make them conformable to law and justice." 7 GCA § 7107(h). The Guam Supreme Court discussed the trial court's inherent authority to expunge, as an issue of first impression in the *Wai Kam Ho* case. In *Wai Kam Ho*, the Court did not definitively resolve the issue of the trial court's inherent authority to expunge records, nor did it adopt a standard that should be applied if the trial court were to exercise such authority. *Id.* at ¶ 28. The Guam Supreme Court did identify two "general schools of thought" — 1) jurisdictions recognizing that courts have no inherent authority to expunge a criminal record unless a statute so provides; and 2) jurisdictions recognizing that, absent statutory authority, courts have *limited authority* to expunge under certain circumstances. *Id.* at ¶ 12.

The second school of thought is further divided into two subsets. The first is that expungement is appropriate upon a showing that either a constitutional right has been violated or when there is an extreme need or exceptional circumstances warranting expungement. *Id.* at ¶ 13. The second, and most lenient approach followed by a minority of states, is that courts can expunge a criminal record upon a showing of less than a constitutional error or an extreme necessity. *Id.* at ¶ 14. These jurisdictions employ their own balancing tests to determine whether expungement is appropriate. *Id.* (citing *State v. Chambers*, 533 P.2d 876, 878-79 (Utah 1975); *State v. Schultz*, 676 N.W.2d 337, 340-41 (Minn. Ct. App. 2004)).

### A. Petitioner Is Not Eligible for Expungement Based on Guam's Applicable Expungement Statute.

As explained above, the Petitioner is ineligible under Guam's general expungement statute. Therefore, Petitioner is also ineligible for expungement under the first school of thought discussed in *Wai Kam Ho*—that courts may have inherent authority to expunge a criminal record if a statute so provides. *Id.* at ¶ 12.

B.     **Petitioner Is Not Eligible for Expungement Based on a Constitutional Violation or Extreme Necessity.**

Under the first subset of the second category, the Petitioner is ineligible based on constitutional grounds because he does not assert such a violation. Instead, the Petitioner alleges that he believes his criminal records have limited his job prospects and have caused his applications for promotions and other job opportunities to be rejected. Decl. of Charles Raymond Sova (May 5, 2021); Min. Entry, at 9:08:04-9:15:04 AM (Aug. 10, 2021).

However, difficulties in securing employment are insufficient grounds for expungement under the extreme necessity or exceptional circumstances category discussed in *Wai Kam Ho*. *See Wai Kam Ho*, 2009 Guam 18 ¶ 21 (noting that under both "the Ninth Circuit and Seventh Circuit view most collateral civil consequences as insufficient to warrant expungement."). Therefore, the Petitioner is ineligible for expungement based on a constitutional violation or the extreme necessity approach to exercising the Court's inherent authority to expunge.

C.     **Petitioner Is Not Entitled to Expungement Under the "Balancing Test" Approach.**

In *Wai Kam Ho*, the trial court used the five factor test adopted in Minnesota cited by Petitioner in this case. Reply, at 2; *Wai Kam Ho*, 2009 Guam 18 ¶ 25. The Guam Supreme Court noted that Minnesota's five factor test is one of the most lenient approaches among the jurisdictions which have adopted a standard on expungement. *Id.* at ¶ 24. The Guam Supreme Court did not rule on whether this test should be adopted, but rather held that the trial court improperly applied the facts of the case to Minnesota's five factor test. *Id.* at ¶ 26-28. The Guam Supreme Court held that had the trial court properly applied the facts of the case to Minnesota's lenient test, the petitioner would not have met the requirements for the trial court's

5

exercise of any inherent power to order his records expunged. *Id.* at ¶ 28 ("Even assuming that the trial court has inherent power to order criminal records expunged, this power was not properly exercised in Ho's case.").

Although the *Wai Kam Ho* Court reversed the trial court's decision under this approach, the Court did not reject the test altogether. Here, Petitioner requests that the Court evaluate whether Petitioner qualifies for expungement under the Minnesota standard. Reply, at 2. Under the Minnesota standard, a court may exercise its inherent authority to expunge records when "the court determines that expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court by issuing, enforcing, and monitoring an expungement record." *State v. H.A.*, 716 N.W.2d 360, 363 (Minn. Ct. App. 2006).

To determine whether expungement will yield a benefit commensurate with societal burdens, the following factors are considered: "1) the extent that the petitioner has demonstrated difficulties in securing employment or housing; 2) the seriousness and nature of the offense; 3) the potential risk that the petitioner poses and how this affects the public's right to access the records; 4) any additional offenses or rehabilitative efforts; 5) other objective evidence of hardship under the circumstances." *Id.* at 364.

### 1. Difficulty in Securing Housing or Employment.

Regarding the first factor, the Minnesota courts have held that it is not enough that expungement may provide the petitioner "greater ease in obtaining employment." *State v. Ambaye*, 616 N.W.2d 256, 261 (Minn. 2000); *see H.A.*, 716 N.W.2d at 364. Further, where the petitioner is merely "seeking expungement in order to obtain a specific position," but is already

"gainfully employed," the first factor does not weigh in favor of expungement. *H.A.*, 716 N.W.2d at 364 (citing *Ambaye*, 616 N.W.2d at 261).

Petitioner is gainfully employed by United Airlines and has been since July 2010. Decl. of Charles Raymond Sova, at ¶ 4 (May 5, 2021). Petitioner states that he applied for two positions within his current employer's company, but was not approved for either position. *Id.* at ¶ 6 (May 5, 2021). Petitioner states that he applied for several other positions outside of his current employer's company, and the applications were rejected. *Id.* at ¶ 7-8. Petitioner states: "It is my belief that my 2001 conviction for Driving Under the Influence, which remains a matter of public record, adversely affected my applications for these other jobs." *Id.* at ¶ 10.

Despite Petitioner's "belief" to the contrary, Petitioner has not presented any evidence that the rejections of his job applications are due to his criminal record. Further, Petitioner is currently employed. Petitioner does not state whether or not he has had difficulty in securing housing. Therefore, Petitioner has not sufficiently demonstrated difficulties in securing employment or housing, and the first factor weighs against expungement.

### 2. The Seriousness and Nature of the Offense; Risk to the Public and Public's Access to Records; and Additional Offenses or Rehabilitative Efforts.

Regarding the second factor, where the charge seeking to be expunged is a nonviolent misdemeanor, this factor generally weighs in favor of expungement. *E.g., State v. M.E.M.*, No. A09-850, 2010 WL 772441, at *2 (Minn. Ct. App. 2010). "Driving While Impaired" ("DWI") is a nonviolent misdemeanor. 9 GCA § 92104.

As to the third factor, although not in effect at the time petitioner committed his offense, the Guam's Legislature has since found that DWI offenses are expungeable upon successful

completion of the DWI Treatment Court. *See* 9 GCA § 92121. Thus, the risk that expungement would infringe on the public's right to access these records is diminished.

Regarding the fourth factor, Petitioner, by and through counsel, argues that he has not been charged with any additional offenses or violations and that he successfully completed the conditions of his probation. Min. Entry, at 9:08:04-9:15:04 AM (Aug. 10, 2021). However, Petitioner did not submit this assertion under oath, nor did Petitioner attach exhibits to any of his pleadings in order to support these contentions. Petitioner has failed to sufficiently demonstrate that this factor weighs in favor of expungement.

Notwithstanding the second and third factor weighing in favor of expungement in this case, the *Wai Kam Ho* Court held that even where the second, third, and fourth factors weigh in favor of expungement, a lack of evidence regarding the first and fifth factors "would still result in the conclusion that [the petitioner] was ineligible for expungement." *See Wai Kam Ho*, 2009 Guam 18 ¶ 25-27. The Court must evaluate the evidence presented in support of the fifth factor.

### 3. Other Objective Evidence of Hardship Under the Circumstances.

In *Wai Kam Ho*, the Guam Supreme Court held that there must be actual evidence of hardship presented in order for this factor to weigh in favor of expungement. *Id.* at ¶ 27. The presumption that the criminal records may present hardship is not sufficient. *See id.* at ¶ 26. Although Petitioner has the "belief" that the rejection of his job application was due to his criminal record, Petitioner has not provided the Court with any evidence to support this belief.

The Court has no way to determine whether these rejections were in fact due to his criminal record or instead due to lack of qualification or other reasoned justification. Without more, the Court cannot make a conclusive determination as to whether expungement of his

8

criminal record would be appropriate. Because of Petitioner's failure to sufficiently demonstrate objective evidence of hardship, the Court does not find that the "benefits from expungement are commensurate with the disadvantages to the public and the court." *H.A.*, 716 N.W.2d at 363. The Petitioner is ineligible for expungement under the lenient Minnesota balancing approach to the exercise of inherent judicial authority to expunge.

### D.     Guam's DWI Expungement Statute Is Not Retroactive.

Finally, Petitioner argues that because the Guam legislature has deemed a DWI charge to be an expungeable offense, the remedy of expungement should be available to Petitioner now. Min. Entry, at 9:08:04-9:15:04 AM (Aug. 10, 2021). Contrary to Petitioner's assertion, the Guam Supreme Court has held that "[a] statute is presumed to have only prospective effect, unless it is made expressly retroactive or is retroactive by virtue that it is necessarily implied that the Legislature intended for the statute to operate as such." *People v. Camacho*, 2013 Guam 3 ¶ 10. Guam also has a statutory provision which requires an express declaration of retroactivity. *See* 1 GCA § 702 (2005) ("No part of this Code is retroactive, unless expressly so declared.").

The current statutes regarding DWI offenses were promulgated through Public Law ("P.L.") 34–107. The Legislature did not include an express retroactivity clause in P.L. 34–107. Instead, Section 9 of P.L. 34–107 states "This Act shall become effective upon enactment." Therefore, the statutes enacted by P.L. 34–107, including Guam's DWI statute allowing for expungement (9 GCA §  92121), must be presumed "to have only prospective effect." *See Camacho*, 2013 Guam 3 ¶ 10. As Petitioner's DWI conviction pre-dates the expungement provisions provided by P.L. 34-107, Petitioner does not qualify for expungement pursuant 9 GCA § 92121.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Petitioner's Verified Petition for Expungement.

**SO ORDERED:** ___0 9 DEC 2021___

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**